```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LYNN V. JONES,

                 Plaintiff,              DECISION and
v.                                       ORDER

VALEO ELECTRICAL SYSTEMS, INC.,          06-CV-6026T


                 Defendants.
_____
```

## INTRODUCTION

Plaintiff Lynn V. Jones ("Jones") brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq. ("Title VII"), and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111 et seq. (the "ADA") against defendant Valeo Electrical Systems, Inc. ("Valeo") claiming that the defendant discriminated against her on the basis of her race and disability. Specifically, Jones, who is black, claims that she was denied several opportunities to work overtime because of her race and disability, that she was denied participation in a company-wide incentive program because of her disability, and that she was subjected to harassment based on her race.

Defendant denies plaintiff's claims, and moves for summary judgment against the plaintiff. In support of its motion, Valeo contends that plaintiff was not allowed to work certain overtime shifts because of medical restrictions imposed upon her by her own physician and a company doctor; that the incentive program about which plaintiff complains was not in place in plaintiff's

department, and in any event, plaintiff would not have qualified for the incentives offered; and that plaintiff was not subjected to racial harassment.

For the reasons set forth below, I grant defendant's motion to dismiss plaintiff's Complaint.

## BACKGROUND

Plaintiff Lynn Jones is a current hourly employee of defendant Valeo, an automobile parts manufacturer with a plant located on Lyell Avenue in the City of Rochester. Plaintiff has worked for Valeo or its predecessors since at least 1980. According to the plaintiff, she suffers from chronic pain in her hands, wrists, arms, and shoulders. As a result of this pain, over the course of her employment with Valeo and its predecessors, plaintiff has had several work restrictions imposed on her by both her own physicians and company physicians. Indeed, as early as 1981, plaintiff had work restrictions placed on her by her own doctors. Occasionally, the work restrictions prevented her from working overtime, or limited the amount of overtime she could work, or the type of jobs she could perform when working overtime.

In early 2003, as a result of plaintiff's work limitations, Valeo transferred Jones to a department known as the Transitional Work Center which, according to Valeo, is a department staffed by employees who have various work restrictions. In May 2003, the company's Medical Director Anthony Aliamo, M.D., reviewed

plaintiff's restrictions, and offered her various positions in different departments within the plant. Plaintiff, however, was not satisfied with any of the proposed positions and instead chose to remain in the Transitional Work Center. According to Valeo, employees in the Transitional Work Center are rarely offered overtime opportunities because of their medical restrictions. Plaintiff's physician Dr. Hass believed that plaintiff's placement in the Transitional Work Center had been beneficial for her, and he continued to impose vocational restrictions upon Jones.

Prior to being transferred to the Transitional Work Center, plaintiff had participated in a company-wide program known as the Improvement Process Program. The program was designed to encourage employees to offer suggestions for improving workplace safety and efficiency. The suggestions were to be written in a log book that was available within each employee's department. Under the program guidelines, employees who submitted 36 ideas per year received gift cards to local retail stores.

According to the plaintiff, the Transitional Work Center did not have a log book. When plaintiff complained to her supervisor that her department did not have a log book, her supervisor arranged to have a log book placed within the department.

In June, 2004, Dr. Aliamo again reviewed plaintiff's medical file, and lifted plaintiff's restriction on working overtime, subject to the condition that he would have to personally approve

the overtime to assure that the work would not violate any of her medical restrictions.

Shortly thereafter, plaintiff filed a complaint with the New York State Department of Human Rights claiming that she had been discriminated against by Valeo on the basis of her race, gender, and disability. The Department of Human Rights dismissed her claim, and on January 16, 2006, plaintiff filed the instant case pro se. On March 23, 2007, attorney Christina Agola filed a notice of appearance on behalf of the plaintiff, and since that time has represented the plaintiff in this action.

## DISCUSSION

### I.   Defendants' Motion for Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  When considering whether a genuine issue of fact exists for purposes of a motion for summary judgment, all inferences and ambiguities must be resolved in favor of the party against whom summary judgment is sought. See R.B. Ventures, Ltd. v. Shane, 112 F.3d 54 (2d Cir. 1997).  It is only if after considering the evidence in the light most favorable to the non-moving party, the court finds that no rational jury

could find in favor of that party, a grant of summary judgment is appropriate.  See Annis v. County of Westchester, 136 F.3d 239 (2d Cir. 1998).

    II.  Plaintiff's Title VII and ADA Claims

Plaintiff alleges in her Complaint that she was discriminated against on the basis of her race and gender in violation of Title VII of the Civil Rights Act of 1964, which prohibits an employer from "hir[ing] or . . . discharg[ing] any individual, or otherwise . . . discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . ." 42 U.S.C. § 2000e-2.  Plaintiff further claims that she was discriminated against on the basis of a disability in violation of the Americans with Disabilities Act.

Claims of employment discrimination are analyzed under the well-recognized burden shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) and later refined in Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248 (1981) and St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993).  Under the McDonnell Douglas test, the plaintiff bears the burden proving a prima facie case of discrimination.  If the plaintiff succeeds in stating a prima facie case, the burden of production shifts to the defendant to state a legitimate, non-discriminatory reason for taking the employment action at issue.  Should the employer meet

5

that burden, the burden of production then shifts back to the plaintiff to show that the reasons proffered by the employer were not the true reasons for the adverse employment action, but instead were a pretext for discrimination, and that discrimination was the real reason. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981); St. Mary's Honor Center v. Hicks, 509 U.S. 502-06 (1993).

      A.   Plaintiff has failed to state a prima facie case of disability discrimination.

To establish a prima facie case of disability discrimination under the ADA, a plaintiff must demonstrate that: (1) she is disabled; (2) with or without reasonable accommodation, she was able to perform the essential functions of her position; and (3) adverse employment action was taken against her under circumstances giving rise to an inference of disability discrimination. See McDonnnell-Douglas Corp., 411 U.S. at 802; 42 U.S.C. § 12111(8).

Plaintiff claims that she was denied the opportunity to work overtime, and was prevented from participating in the Improvement Process Program because she is disabled. However, because plaintiff has failed to establish that she is a qualified person with a disability under the terms of the ADA, I find that she has failed to state a prima facie case of discrimination. Under the ADA, a "disability" is defined as (1) a physical or mental impairment that substantially limits one or more of the major life

6

activities of an individual; (2) a record of such impairment; of (3) being regarded as having such an impairment. 42 U.S.C. § 12102(2). A "physical or mental impairment" is defined as "[a]ny physiological disorder, or condition" affecting various body systems. 29 C.F.R. § 1630.2(h)(1).

In order to qualify as disabled under the ADA, a claimant must demonstrate that the impairment limits a major life activity and that it is substantial. See Toyota Motor Mfg. Kentucky Inc. v. Williams, 122 S.Ct. 68, 2002. In this case, however, plaintiff has failed to identify any impairment or combination of impairments that substantially limits any major life activity, and has failed to establish that she was regarded as disabled by her employer. Accordingly, she has failed to establish that she is a qualified person with a disability under the ADA, and as a result, has failed to establish a prima facie case of unlawful disability discrimination.

Additionally, with respect to her claim that she was denied the opportunity to participate in the Improvement Process Program, the court lacks jurisdiction over that claim because the plaintiff has failed to exhaust her administrative remedies with respect to that complaint. "[T]he exhaustion of administrative remedies is a prerequisite to a civil action in federal court on a claim under the ADA." Paluh v. HSBC Bank USA, 409 F.Supp.2d 178, 196 (W.D.N.Y., 2006) (Foschio, M.J.)(citing Curto v. Edmundson, 392

7

F.3d 502, 503 (2d Cir.2004).  "A plaintiff's failure to exhaust administrative remedies as to an ADA claim renders the district court without jurisdiction over such claims in a civil action in federal court."  Paluh, 409 F.Supp.2d at 196 (citing Polera v. Board of Educ. of Newburgh Enlarged City School District, 288 F.3d 478, 480 (2d Cir.2002).  Because Jones failed to raise claims of discrimination with respect to participation in the Improvement Process Program in her administrative complaint, she may not raise such claims in this lawsuit unless she can establish that the conduct she complains of is reasonably related to the conduct complained of in the administrative charge.  Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 83 (2nd Cir. 2001).  Conduct may be considered reasonably related where: (1) the conduct complained of in the federal complaint can reasonably be expected to grow out of the administrative claims of discrimination and therefore fall within the administrative investigation; (2) the conduct is retaliatory; or (3) the conduct complained of in the federal complaint is identical to conduct that was alleged in the administrative complaint.  Butts v City of New York Dept. of Hous. Pres. & Dev., 990 F2d 1397, 1401-1403 (2nd Cir. 1993).

In the instant case, plaintiff failed to raise her claims regarding the Improvement Process Program in her administrative complaint of discrimination, and the conduct complained of: not being allowed to participate in the Improvement Process Program is

not reasonably related to plaintiff's other claims of discrimination contained in the administrative complaint. Accordingly, plaintiff's claim with respect to the Improvement Process Program may not be heard by this court.

Finally, with respect to participation in the Improvement Process Program, it is undisputed that plaintiff was not denied any potential benefit that could have been gained by participating in the program, because plaintiff would not have qualified for such a benefit. As stated above, employees are required to submit 36 ideas per year in order to qualify for incentives. Plaintiff, however, testified that during the time she was allegedly denied the opportunity to participate in the program, she only had two ideas that she would have liked to submit. Because plaintiff admits that she would not have qualified for any incentives even if she had been provided access to an Improvement Process Program log book, she has failed to allege that she was denied any benefit of employment based on her alleged disability.

    B.    Plaintiff has failed to establish a Prima Facie case of <u>race or gender discrimination under Title VII</u>.

To establish a prima facie case of unlawful employment discrimination based on race or gender under Title VII, a plaintiff must establish that she is a member of a protected class, was qualified for the position she held, was subjected to an adverse employment action, and that the discharge occurred under

9

circumstances giving rise to an inference of discrimination. See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

In this case, plaintiff alleges that she was denied the opportunity to work overtime because of her race, gender, and disability. It is undisputed, however, that plaintiff was subject to medical restrictions, placed upon her by her own doctor and the Medical Director of the plant in which she worked, which at times either completely prohibited her from working overtime, or restricted the hours and type of work plaintiff could perform. Moreover, it is undisputed that other African-American employees who work with the plaintiff on her shift received overtime opportunities. Finally, plaintiff has been unable to identify any similarly situated white employee who was treated differently than she was with respect to receiving overtime-work opportunities. Accordingly, because there is no evidence that any adverse employment action was taken against her, and there is no evidence that any adverse employment action was taken against her on the basis of her race, gender, or disability status, I find that plaintiff has failed to state a prima facie case of discrimination against her based on the alleged denial of overtime opportunities.

    C.    Plaintiff has failed to state a claim of a hostile work environment based on alleged derogatory Racial remarks

Plaintiff contends that on one occasion during a meeting between her and a supervisor in which two other employees (including plaintiff's union representative) were present, her

supervisor used the term "you people" when speaking to her on approximately four occasions, and that she found this conduct to be offensive. Although plaintiff complains of this conduct, she testified in her deposition that she did not recall the context in which the term was used; does not believe the supervisor is racist; and has never observed that supervisor do or say anything that she believed was discriminatory. According to the defendant, the supervisor was referring to "the Union" when using the term "you people."

To state a claim of discrimination based on a hostile work environment, a plaintiff must establish the existence of a workplace that is "permeated with discriminatory intimidation, ridicule and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment." Torres v. Pisano, 116 F.3d 625, 630-631 (2d. Cir.1997) (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993)). "Conduct that is merely offensive and not severe or pervasive enough to create an objectively hostile or abusive work environment" will not establish a Title VII discrimination claim. Torres, 116 F.3d at 631 (2d Cir.) (internal quotes omitted); Gallagher v. Delaney, 139 F.3d 338, 346 (2d Cir.1998) ("A reasonable person would have to find the environment hostile or abusive, and the victim must have subjectively so perceived it."). "Stray racial remarks or slurs are not actionable under Title VII." Badrinauth v. Touro College,

11

1999 WL 1288956, *4, (E.D.N.Y. Nov. 4, 1999). Rather, "there must be a steady barrage of opprobrious racial comments." Snell v. Suffolk County, 782 F.2d 1094, 1103 (2d Cir.1986).

In this case, plaintiff has failed to identify conduct that could objectively be considered to have rendered her workplace "hostile." Assuming without deciding that the term "you people" is a racially derogatory statement, plaintiff's allegation that this term was used in one closed meeting, and her inability to state in what context the term was used, fails to state a claim for the existence of a hostile work environment.

### D.  Retaliation Claims

Plaintiff filed the Complaint in this action pro se using a form provided by this court.  Although the plaintiff checked two boxes on that form indicating that she claimed that the defendant retaliated against her, she did not set forth any factual allegation of retaliation in her Complaint.  Moreover, when asked in her deposition to explicitly identify all bases for her discrimination claims against Valeo, plaintiff did not identify retaliation as the basis for any of her discrimination claims.  In her opposition to defendant's motion for summary judgment, however, plaintiff, now represented by counsel, for the first time makes specific allegations of unlawful retaliation.

To state a prima facie case of retaliation, the plaintiff must establish: (1) participation in a protected activity known to the defendant; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and adverse action. Holt v. KMI-Continental, 95 F.3d 123, 130 (2d Cir. 1996), cert. denied, 1997 WL 71191 (May 19, 1997). Because plaintiff is unable to establish that any adverse employment action was taken against her, she has failed to establish a prima facie case of retaliation. I therefore grant defendant's motion for summary judgment with respect to this claim.

## CONCLUSION

For the reasons set forth above, defendant's motion for summary judgment is granted, and plaintiff's Complaint is dismissed with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
_____
    Michael A. Telesca
United States District Judge

DATED:   Rochester, New York
         March 14, 2008